E. H. LAMBERT, ALSO KNOWN AS E. HARVEY LAMBERT, PLAINTIFF-APPELLANT, v. EMILY CAHILL, DEFEND-ANT-APPELLEE.

Submitted May 26, 1924—Decided August 15, 1924.

**Sale of Land—Agent's Contract—Terms Sustained—Request for Finding for Plaintiff at Trial Not in Record—Consequences—Judgment Sustained.**

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *John O. Benson.*

For the respondent, *Albert Comstock.*

PER CURIAM.

The Paterson District Court, after hearing and reservation of its decision, gave judgment for the defendant in this case. The action was brought by the plaintiff, E. H. Lambert, in the court below to recover a commission of three and one-half per cent. on the sale of property of the defendant, Emily Cahill, located at No. 172 Van Houten street, in the city of Paterson. The facts disclosed at the trial were that the defendant, being the owner of the premises mentioned, employed the plaintiff to act as her broker in the sale of the property. The contract of employment was in writing, and authorized the plaintiff to sell the property for $21,000, and gave him the exclusive right to sell for a period of three months, and thereafter until the agreement should be revoked by notice in writing, and provided, further, that the plaintiff should receive the commission if a purchaser were obtained during this period by the broker or by the owner or by anyone else upon the terms named or upon any other price or terms which might be agreed to between the seller and purchaser. There was in the agreement a further clause that if the property should be sold subsequently to any party with whom the plaintiff had been negotiating, the commission was to be paid.

The proofs further disclosed that the property was not sold by the plaintiff, the broker, but was sold by the defendant for the price of $16,500, and the purchaser was one of the persons to whom the plaintiff had previously offered the premises at the price of $21,000. The uncontradicted proofs further show that the agreement between the plaintiff and the defendant was never canceled by the defendant, and was in full force and operation at the time the sale was effected. It also showed that the plaintiff had performed all of the conditions required of him under the terms of his employment. There was therefore a complete case proven on behalf of the plaintiff and no defense established to meet it. It is true there was a feeble attempt on the part of the defendant to prove that she had been imposed upon in the making of the agreement, but this wholly failed in view of the law which holds parties to their written contracts except upon proof of fraud. The defendant's own statement on this point is that she offered to the plaintiff the right to sell for a period of three months; that the plaintiff then wrote out a card and asked her to sign it, which she did. It became, in effect, a tender on the one side of an offer of a three months' privilege and a counter offer on the other side of a three months' privilege, plus a two weeks' notice of revocation.

In the absence of fraud, by attaching her signature to the agreement, the defendant conclusively bound herself as assenting to its terms. *Fivey* v. *Pennsylvania Railroad Co.*, 67 *N. J. L.* 627. Among the terms were that she was to pay a commission of three and one-half per cent. upon any sale until the contract was revoked, and having sold the property without having revoked the contract, the obligation to pay became absolute, and upon this uncontradicted state of the proofs the plaintiff was entitled to recover.

In this case we find no record of a request for finding, or motion for a judgment in favor of the plaintiff, and under the law, as it existed prior to the act of 1916, chapter 62, the appellant would be without remedy in this court, but this act provides that where cases are submitted to the court to be heard without a jury, any error made by the court in

giving final judgment in the case shall be subject to change, modification or reversal, without the grounds or objection, having been specifically submitted to the court. In the case of *Pannonia Building Association* v. *West Side Trust Co.,* 93 *N. J. L.* 377, the Court of Errors and Appeals considered the effect of the statute in its application to the trial at Circuit of a Supreme Court issue, and affirmed its constitutionality. While the act is an amendment to the supplement to the "Act to regulate the practice of courts of law [Revision of 1903]," approved March 28th, 1912, it is general in its character and becomes a part of the twenty-fifth section of that act, which abolishes bills of exception and substitutes appeals. The amendment to the section follows in sequence, and seems to be equally general in character. The old portion of the section undoubtedly applies to appeals from District Courts, and there would seem to be no reason why the legislature, in dealing with the question of submitting the grounds of objection to the trial court, should not have intended it to be equally comprehensive, and, therefore, inclusive of trials in the District Court, where the judge hears the case without a jury.

Upon the uncontradicted proofs in the case the plaintiff was entitled to a verdict for his commission. The judgment in favor of the defendant will therefore be reversed.